UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV145-R

GE CAPITAL FRANCHISE FINANCE CORPORATION
PLAINTIFF

v.

GD DEAL HOLDINGS, LLC, et al.
DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant GD Deal Holdings, LLC's Motion to Dismiss, or in the alternative, Motion for Abstention (Docket #21).  The Plaintiff, GE Capital Franchise Finance Corp. has responded (Docket #126), and the Defendant has replied to the Plaintiff's response (#162).  The motions are now ripe for a decision.  For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**, and therefore the Court will not address Defendant's Motion for Abstention.

## BACKGROUND

This case involves an action for the foreclosure of mortgage liens on thirty-one convenient stores located in western Kentucky.  The Plaintiff, GE Capital Franchise Finance Corporation ("GE Capital"), asserts that one of the claims in question is related to a pending bankruptcy proceeding in federal court against Baker Energy, Inc. ("Baker"), another defendant in the case, who is a debtor in possession in a Chapter 11 bankruptcy proceeding that involves the Defendant in this matter, GD Deal Holdings, LLC ("GD Deal").  GE Capital claims that this relation gives the Plaintiff "related to"jurisdiction in federal court under 28 U.S.C. 1334(b) arguing their claim against the Defendants is related to the bankruptcy proceeding because it will have an effect on the outcome of the bankruptcy case.  GD Deal argues that the claims are not

related to the bankruptcy proceeding because the lease between GD Deal and Baker has been both rejected and terminated for purposes of the bankruptcy action leaving Baker with no legal interest in the property at issue and giving GE Capital no cause of action in federal court under 28 U.S.C. §1334(b). GD Deal also asserts that even if the Court has jurisdiction, the Court should abstain from hearing the matter because difficult and unsettled questions of state law are at issue in this case. The Plaintiff counters that the Court should not abstain because there is no pending state court proceeding, the complaint does not raise complex issues of state law, and that abstaining would frustrate the judicial process.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The issue for the Court to decide is whether the Court has jurisdiction related to the bankruptcy proceedings of Baker under 28 U.S.C. §1334(b). 28 U.S.C. §1334(b) states:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The United States Supreme Court, in *Celotex Corp. v. Edwards*, held that "related to" bankruptcy jurisdiction is broad, however, in order for a federal court to assert jurisdiction the claims between the parties in question must affect the outcome of the bankruptcy proceedings in question in order to have federal jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308; 307, n.5. The Sixth Circuit Court of Appeals has adopted this standard in the case of *In re Dow Corning Corporation*, where the Court recognized the holding and the test from the Third Circuit Court of Appeals case of *Pacor, Inc. v. Higgins*, in which the Court reasoned:

> [t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the state being administered in bankruptcy...[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Dow Corning Corporation*, 86 F.3d 482, 489 (6th. Cir. 1996) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

In the instant matter, in order for the Court to determine whether the state foreclosure proceeding in question would affect in anyway the outcome of the bankruptcy proceedings of the Defendant Baker, the Court must look to the contractual relationship between Baker and GD

3

Deal to determine the status of the lease between the parties. In doing so the Court can decide whether or not Baker has a legal interest in the property at issue to see if the state foreclosure proceeding by GE Capital would affect the outcome of the bankruptcy case. GD Deal has provided four documents relating to the contractual relationship between GD Deal, Baker and GE Capital including: a notice of default and notice of termination upon failure to cure default letter sent by GD Deal to Baker on January 5, 2005; a notice of termination of the lease between GD Deal and Baker sent by GD Deal to Baker on January 20, 2005; an order by United States Bankruptcy Court Judge G. Harvey Boswell for the Western District of Tennessee on July 27, 2005, at the request of GE Capital, granting GE Capital relief from an automatic stay to pursue whatever rights and remedies under state law that it may have against Baker; and an order by United States Bankruptcy Court Judge G. Harvey Boswell for the Western District of Tennessee on September 23, 2005, finding that Baker failed to move to assume the leases on the property in question for purposes of the bankruptcy proceeding, and therefore the Court rejected the leases.

>The January 5, 2005 letter from GD Deal to Baker states in pertinent part:

>[p]ursuant to Section 28 of Master Lease and Section 22 of the Master Equipment and Personal Property Lease, your failure to pay any rent or other monetary sums due within five days from the due date constitutes a default under the lease which, if not cured within five days after delivery of this notice, gives (GD Deal) the right, at the option of (GD Deal) to terminate the leases and take possession of the leased property, equipment and personal property.

In the January 20, 2005 letter sent by GD Deal to Baker that subsequently followed the initial notice, GD Deal explicitly "exercise[d] their rights to terminate the Master Lease and the two Master Equipment and Property Leases...effective immediately." Judge Boswell's order of July 27, 2005 gave the Plaintiff, GE Capital, the right to pursue "it[s] rights and remedies under applicable law" against Defendant Baker, and noted that Baker retained all rights "under

4

applicable *state law*" to defend themselves against GE Capital (emphasis added).  Lastly, Judge Boswell's order of September 23, 2005 stated that Baker had missed its deadline to assume or reject the leases of the property in question, and therefore deemed the leases rejected under 11 U.S.C. §365.

These four documents, taken collectively, demonstrate that for purposes of the pending bankruptcy action Baker has no legal interest in the property at issue, and that therefore this matter does not fall under the related to jurisdiction of 28 U.S.C. §1334(b).  Aside from the evidence indicating that GD Deal had terminated its lease with Baker prior to Baker filing for bankruptcy on February 15, 2005, the orders by Judge Boswell not only show that Baker had rejected their claims to the property in question, but also that the Plaintiff, GE Capital, had been given permission by the bankruptcy court to pursue claims against Baker.  GE Capital claims that the lease with Baker has not been terminated, but admits that the lease had been rejected by Baker in the bankruptcy proceeding.  The Plaintiff argues that the rejection still gives rise to a claim for damages.  Consequently, Plaintiff argues that since there is a claim arising from the rejection of the lease, the effects of the lease on the foreclosure proceedings cannot be determined until the proceeding are completed, meaning that the foreclosure is related to the bankruptcy proceedings.  This Court does not agree.

The Court holds that the present case does not have an effect on the outcome of Baker's bankruptcy estate.  After Baker defaulted on its obligation to pay on the lease, GD Deal provided clear notice of default to Baker.  Subsequently, Baker did not cure the default and GD Deal exercised its right to terminate the lease.  The Plaintiff admitted that Baker rejected its interest in the lease for purposes of the bankruptcy proceeding.

Therefore, this Court finds that the Court does not have "related to" jurisdiction under 28 U.S.C. §1334(b), and that therefore the Court does not have jurisdiction to hear the complaint filed by the Plaintiff in this matter.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED**. This matter is hereby dismissed without prejudice.

An appropriate order shall issue.